706 So.2d 72 (1998)
L.R.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-718.
District Court of Appeal of Florida, First District.
February 17, 1998.
*73 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
BOOTH, Judge.
Appellant, a juvenile, was charged with burglary. He pled guilty to the lesser offense of petit theft, and the Department of Juvenile Justice prepared a predisposition report recommending community control. The trial court rejected this recommendation, stating the reasons therefor,[1] and instead imposed a low-risk commitment. The trial court did not seek another recommendation from the Department prior to imposing commitment, therefore, the question arises as to whether the judgment below can be affirmed in view of O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997); K.Y.L. and N.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997); and S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). These cases hold that community control is not a "restrictiveness level" and that section 39.052(4)(e)3, Florida Statutes, does not apply where the change is from community control to commitment. The State argues that this two-recommendation process is redundant and wasteful of judicial resources.
The State further argues that the error, if any, has not been preserved. This preservation issue is presently pending on certified question before the Florida Supreme Court. J.M.J. v. State, 22 Fla. L. Weekly D1673 (Fla. 1st DCA 1997); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), reh'g granted, 698 So.2d 1225 (Fla.1997). We therefore certify the following questions to the Florida Supreme Court as questions of great public importance:
1. DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT'S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
2. DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
Accordingly, we must reverse and remand, but do so with certification of the foregoing questions as being of great public importance.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Appellant does not challenge the trial court's reasons.